UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINDA HEWLETT,

    *Petitioner*,

v.

INTERNATIONAL BUSINESS MACHINES CORP.,

    *Respondent*.

Case No. 21-10503

### PETITIONER'S MOTION TO VACATE ARBITRATION AWARD

Pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq*., Petitioner Linda Hewlett hereby moves to vacate an arbitration award. A Memorandum in Support of this Motion has been filed herewith.

### PARTIES

1. Petitioner Linda Hewlett is a resident and domiciliary of Massachusetts. From November 2017 until her termination in October 12, 2018 she was an employee of Respondent.

2. Respondent International Business Machines Corporation ("IBM") is incorporated and maintains its principal place of business in New York.

### JURISDICTION AND VENUE

3. This Court also has jurisdiction pursuant to 28 U.S.C. §1331 as the underlying claim sounds in federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. This Court also has jurisdiction over these

proceedings pursuant to 29 U.S.C. §1331 as this action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.* 8.

4. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of the parties and the amount in controversy is in excess of $75,000.

5. Venue is proper in this District pursuant to 9 U.S.C. § 10 and 28 U.S.C. § 1391 as this is the judicial district wherein the arbitration award was made

## BRIEF SUMMARY OF FACTS AND PROCEEDINGS

6. On November 7, 2017, Petitioner began working for IBM as a Chief Security Architect for the Watson and Cloud Platform Group. At the time of her hire, she was 49 years old.

7. At her hiring interview, Petitioner was told that she would be working on technical architecture, not risk and compliance and technical writing.

8. From the date of her hire to early February 2018, she worked under Ravi Mani. During that time, she was given a thorough performance assessment that marked her as "Achieves" (the second highest designation) in each of five categories.

9. In February 2018, with neither warning nor explanation, Petitioner was suddenly transferred to a different team under Chris Dotson. No one in IBM provided a description of the new position; no one even told her what her job title was to be.

10. It soon became clear that Petitioner was to be tasked with risk and compliance writing – the very thing Mani told her she would not be hired to do.

11. Her new manager, Dotson, actively impeded her at every step: he froze her out of meetings with other senior employees, provided no guidance on technical writing, and refused to furnish her with templates to learn the group's writing style.

12. Nonetheless, Petitioner successfully completed the work assigned to her.

13. Only after requested permission to transfer to a position within her expertise did Dotson's express concerns about her performance.  He placed on her on a Performance Improvement Place ("PIP"), which barred her from transferring to another working group.  He also shortened the time for Petitioner to accomplish the PIP goals from 90 to 30 days.

14. Petitioner met the PIP requirements; however, on October 12, 2018, she was terminated.

15. Prior to Petitioner's termination, Respondent had embarked on a company-wide plan to oust its elder employees and replace them younger ones.  Upper management had directed managers in Petitioner's working group to devise "attrition" strategies to accomplish this end.

16. On January 18, 2019, Petitioner filed an arbitration demand alleging that she was terminated in violation of the ADEA.

17. Petitioner repeatedly sought discovery of comparator evidence as well as evidence that would have linked IBM's corporate policy of culling its older workforce with Petitioner's termination. The Arbitrator refused to authorize such discovery and refused to consider the evidence Petitioner submitted concerning IBM's illegal policies.

18. On October 26, 2020, the Arbitrator granted IBM's motion for summary judgment, finding that Petitioner had failed to establish a prima facie case of discrimination or adduce any evidence of pretext.

19. On November 16, 2020, Petitioner filed a timely motion for reconsideration arguing that the Arbitrator had erred in refusing to hear or compel comparator evidence and by finding that Petitioner had failed to make out a *prima facie* case or establish pretext.

20. On December 30, 2020, the Arbitrator denied the request for reconsideration, thereby rendering the October 26, 2020 order a "final" award according to the terms of the Arbitration Agreement.[1]

21. Petitioner has presented ample evidence to make out a prima facie case for an ADEA violation as well as pretext: among other things, she presented evidence her performance

22. The Arbitrator's outright refusal to consider evidence of a corporate-wide policy to terminate older workers as well as its refusal to authorize discovery into comparator evidence violate the Due Process Clause, constitute a manifest disregard for the law, and warrant an order vacating the arbitration award pursuant to 9 U.S.C. § 10.

## RELIEF REQUESTED

Petitioner Linda Hewlett hereby requests this Court to:

    A.  Vacate the arbitration; and,

    B. Remand to the Arbitrator for further proceedings consistent with this order.

Respectfully submitted,

Dated: March 24, 2021

/S/ Joseph Pace

Joseph Pace, Esq.
200 Park Avenue, 17th Floor
New York, New York 10166
Office:      646-300-4304
*Admission Pro Hac Vice Pending*

Timothy E. Angley
121 Warren Avenue
Plymouth, MA 02360
508-746-1382
teangley@angleylaw.com
BBO# 645102

---

[1] *See* Arbitration Procedure, attached as Exhibit A to Claimant's Motion for Reconsideration.